Submitted December 15, 2020, affirmed March 2, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*

VITALIY ANATOLIEVICH POLEZHAEV,
aka Vitaliy Anatolievich Polezhaez,
*Defendant-Appellant.*

Washington County Circuit Court
18CR19783; A169399

507 P3d 296

Defendant appeals a judgment of conviction for unlawful possession of heroin, ORS 475.854 (2017). He assigns error to the trial court's (1) denial of his motion to suppress evidence of heroin found during a warrantless search of his van; and (2) imposition of a 90-day jail term as a condition of probation. *Held*: The trial court properly determined that a police officer had probable cause to arrest defendant for possession of heroin based on his observation of a "residue amount" of heroin on a piece of foil that was in defendant's lap when the officer approached. The ensuing search was therefore justified under the search-incident-to-arrest exception to the warrant requirement. The Court of Appeals did not reach the second assignment of error because it was moot and did not warrant review under ORS 14.175.

Affirmed.

Andrew Erwin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeVore, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction for unlawful possession of heroin, ORS 475.854 (2017).[1] He assigns error to the trial court's (1) denial of his motion to suppress evidence of heroin found during a warrantless search of his van; and (2) imposition of a 90-day jail term as a condition of probation. We conclude that the trial court did not err in denying the motion to suppress and do not reach the second assignment of error because it is moot.

The facts relevant to the issue before us are not disputed, unless otherwise indicated. Officer Lutu of the Beaverton Police Department responded to a report of a "male passed out in a maroon-colored van" that was parked in a no parking zone near an elementary school. At the time, Lutu had been a Beaverton Police officer for approximately 13 years. During that time, he had made "probably over a thousand possession-related arrests," about half of which were for heroin. He had also taken courses with the Drug Enforcement Agency and was "very" familiar with heroin-related paraphernalia.

Lutu found defendant nonresponsive in the driver's seat. He could see that he had several pieces of tinfoil in his lap. That tinfoil had black residue on it. Specifically, the tinfoil "appeared to have an inch and a half to two inches long burn strip, with a black residue." Based on his training and experience, Lutu thought the foil "was consistent with somebody smoking heroin," and that the foil contained "a residue amount" of heroin. When defendant awoke, he appeared to Lutu to be under the influence of heroin. That made Lutu think that he had probable cause to arrest defendant for possession of heroin.

Lutu asked defendant to step out of the car and then patted him down. Lutu asked defendant if he could get the piece of foil with the residue on it, and defendant agreed. After that, Lutu asked defendant multiple times whether he

_____

[1] We note that ORS 475.854 has recently been amended to make possession of some small quantities of heroin a violation, rather than a misdemeanor. Ballot Measure 110, § 14 (2020); 2021 Or Laws, ch 591, § 36. The amendments do not apply to this case. All references to ORS 435.854 are to ORS 475.854 (2017), the version in effect at the time of defendant's crimes.

would let him search the van. Defendant ultimately agreed. In the course of his search, Lutu found another piece of foil containing a brown substance that he recognized, based on his training and experience, to be a usable amount of unburnt heroin. Ultimately, Lutu arrested defendant for possession of heroin. A later field test of the second piece of foil confirmed Lutu's belief that the substance was indeed heroin, and defendant was charged with felony possession of heroin based on the theory that defendant possessed a usable amount of heroin in the second piece of foil.

Defendant moved to suppress the evidence, contending that it was the product of an unlawful warrantless seizure of defendant and an unlawful warrantless search of the van. The state, in response, contended that (1) defendant's seizure was justified at the outset by probable cause of possession of heroin, based on Lutu's observation of the residue on the foil; and (2) that the search, consequently, was justified as a search incident to arrest. Alternatively, the state argued that Lutu had reasonable suspicion that defendant possessed heroin and that defendant voluntarily consented to the search. The trial court agreed with the state on both points and denied the motion to suppress. A jury convicted defendant of possessing a "usable quantity of heroin" based on the amount of heroin found on the piece of foil found in the search of the van. The trial court sentenced defendant to probation, imposing a 90-day jail sentence as a term of probation. Defendant appeals.

On appeal, as noted, defendant challenges the denial of his motion to suppress and the jail term.

Starting with the issue of the jail term, we do not decide whether the trial court was correct to impose it. Defendant has completed the jail term so resolution of the question will not have a practical effect on defendant's rights. Although he argues that we should resolve the merits of his challenge under ORS 14.175—which confers on courts the discretion to resolve certain moot disputes that are "capable of repetition" yet "likely to evade review"—defendant has not persuaded us that we should exercise that discretion in this case, assuming without deciding that the statute's other criteria are satisfied.

As for the motion to suppress, we review for legal error, accepting the trial court's explicit and necessary implicit factual findings. *State v. Washington*, 265 Or App 532, 536, 335 P3d 877 (2014). Applying that standard, we conclude that the trial court properly determined that Lutu had probable cause to arrest defendant for possession of heroin based on his observation of the residue on the first piece of foil and that the ensuing search was therefore justified under the search-incident-to-arrest exception to the warrant requirement.

As an initial matter, defendant does not dispute that, if Lutu had probable cause to arrest defendant based on his observations of the residue on the first piece of foil, then the ensuing search was lawful under the search-incident-to-arrest exception to the warrant requirement. Defendant also does not dispute that Lutu had subjective probable cause to believe that defendant possessed heroin. Instead, defendant challenges the sufficiency of the evidence to support a determination that Lutu had objective probable cause to believe that defendant committed the crime of possession of heroin.

ORS 475.854 makes it "unlawful for any person knowingly or intentionally to possess heroin." ORS 475.854(1). The offense is a Class A misdemeanor unless elevated to a felony because of the possession of a higher amount of heroin or other factors. ORS 475.854(2). That means that an officer has objective probable cause to arrest someone for possession of heroin if the facts known to the officer make it objectively reasonable to believe that it is more likely than not that the person possesses some amount of heroin. *State v. Madden*, 315 Or App 787, 795, 502 P3d 746 (2021).

Here, it was objectively reasonable for Lutu to think that defendant possessed some amount of heroin. Defendant appeared to be under the influence of heroin and had pieces of foil in his lap that were consistent with someone smoking heroin. At least one of the pieces of foil that Lutu could see had a large burn mark and visible black residue that Lutu recognized, based on training and experience, to be a "residue amount" of heroin. Given that defendant appeared to be under the influence of heroin, and had the trappings

of heroin use in his lap, including a piece of foil with a burn mark and black residue that appeared to be a residue amount of heroin, it was objectively reasonable for Lutu to believe that defendant was in present possession of some amount of heroin, namely, the residue amount on the piece of foil in his lap.

In arguing to the contrary, defendant relies mainly on *State v. Kolb*, 251 Or App 303, 283 P3d 423 (2012), a case in which we determined that reasonable suspicion of possession was lacking. But the facts of *Kolb* bear little resemblance to the facts of this case. In *Kolb*, the *only* fact supporting the officer's claim of reasonable suspicion was that the defendant appeared to have recently ingested controlled substances. *Id*. at 305-07. We explained that it required the stacking of too many speculative inferences to get from the fact that the defendant was under the influence to a belief that the defendant was in present possession of a controlled substance. *Id*. at 311-15. Here, by contrast, the probable cause case is not based solely or even mostly on the fact that defendant appeared to be under the influence of heroin; it is based on the fact that defendant had foil in his lap that looked like it had been used to smoke heroin, and that looked like it had heroin residue on it.

Defendant also argues that *Kolb* stands for the proposition that, for there to be probable cause of possession of a controlled substance, it must be reasonable to infer that a person is in possession of a "detectable" amount of the controlled substance. Accepting that premise for the sake of argument, it would be reasonable to infer from the facts known to Lutu that defendant had a detectable amount of heroin. When Lutu was asked to quantify the amount of heroin on the first piece of foil, he explained that the amount was not a usable amount but a residual amount. That testimony, viewed in favor of the state, would allow for the reasonable inference that the amount of heroin on the foil more likely than not was a detectable amount.

In summary, on these facts, it was objectively reasonable for Lutu to think that it was more likely than not that defendant was in possession of heroin, namely, of residual amounts of heroin that were visible on the foil in

defendant's lap. That means that Lutu had probable cause to arrest defendant for possession of heroin and that Lutu's warrantless search of the car was justified under the search-incident-to-arrest exception to the warrant requirement.

Affirmed.