Argued and submitted November 21, affirmed December 19, 2022, petition for review allowed May 4, 2023 (371 Or 60)
See later issue Oregon Reports

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# JOHN HENRY WAGNER,
*Defendant-Appellant.*

## Umatilla County Circuit Court
19CR83552; A175622

524 P3d 564

For wasting the meat of two elk, defendant, a member of the Confederated Tribes of the Umatilla (the tribe), was found guilty of two misdemeanor violations of the wildlife law. ORS 496.992(1); ORS 498.042(3); OAR 635-065-0750. On appeal, he asserts that his conduct occurred in the exercise of treaty hunting rights, such that the Oregon courts lack the authority to enforce the state hunting laws against defendant. Although defendant did not raise that issue in the trial court, in his view, his convictions must be set aside and the case dismissed. Defendant also assigns error to the trial court's denial of his motion to suppress evidence of the elk meat on which his convictions were predicated. *Held*: The state has authority to enforce the state waste law against defendant in state court, notwithstanding the fact that he is a treaty hunter, because the tribe's parallel regulation means that the conservation necessity standard is satisfied with respect to the state's regulation of the waste of game meat. As to the denial of defendant's motion to suppress, the trial court's decision is supported by the evidence and based on a correct application of the law.

Affirmed.

Jon S. Lieuallen, Judge.

Bruce A. Myers, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Carson L. Whitehead, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Aoyagi, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

For wasting the meat of two elk, defendant, a member of the Confederated Tribes of the Umatilla (the tribe), was found guilty of two misdemeanor violations of the wildlife law. ORS 496.992(1); ORS 498.042(3); OAR 635-065-0750. On appeal, he asserts that his conduct occurred in the exercise of treaty hunting rights, such that the Oregon courts lack the authority to enforce the state hunting laws against defendant. Although defendant did not raise that issue in the trial court, in his view, it means that his convictions must be set aside and the case dismissed. Defendant also assigns error to the trial court's denial of his motion to suppress evidence of the elk meat on which his convictions are predicated. We affirm.

*Authority to enforce wildlife laws against a treaty hunter.* On appeal, defendant asserts that the state courts lack authority to enforce the wildlife laws against him because his conduct arose in the exercise of treaty hunting rights. *See State v. McCormack*, 321 Or App 551, 561-62, 517 P3d 1033 (2022) (analyzing state's authority to enforce hunting and fishing regulations against treaty hunters and fishers and explaining that, ordinarily, the state lacks authority to enforce its hunting and fishing laws against treaty hunters and fishers). Defendant acknowledges that he did not raise this issue in the trial court, and that it is not preserved. He contends, however, that the issue is one of subject matter jurisdiction, requiring us to resolve it notwithstanding the lack of preservation. *See, e.g.*, *Schwartz and Battini*, 289 Or App 332, 338, 410 P3d 319 (2017) (Oregon law "is unequivocal that subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel and may be raised at any time").

The state, in response, asserts that the matter is not one of subject matter jurisdiction, but, rather, represents a defense that defendant could have raised, but did not raise, in the trial court. Thus, in the state's view, the matter is not preserved and not properly before us. The state points out that whether a person is exercising treaty rights can be a fact-intensive question and argues that the relevant facts

have not been adequately developed due to defendant's failure to raise the issue in the trial court.

The state presents an alternative argument as well. It contends that even if the authority issue is one of subject matter jurisdiction, in this instance the state has the authority to enforce the wildlife laws against defendant, notwithstanding the fact that his conduct involved the exercise of treaty hunting rights. The state explains that the law allows a state to enforce hunting and fishing restrictions when necessary for conservation. *See McCormack*, 321 Or App at 561-62; *State v. Jim*, 81 Or App 189, 192, 725 P2d 372 (1986) ("No regulation applied to off reservation treaty hunting can be valid or enforceable unless and until it has been shown reasonable and necessary to conservation as defined by federal law." (Brackets and internal quotation marks omitted.)). On the latter point, the state notes that the tribe has a regulation that similarly prohibits the wasting of a game animal, something that, under our case law, establishes conservation necessity—and authority to enforce—as a matter of law. *See State v. Bronson*, 122 Or App 493, 496-97, 858 P2d 467 (1993).

As in *McCormack*, we do not resolve whether the issue of a state's authority to enforce hunting or fishing regulations against a person acting pursuant to treaty rights is one of subject matter jurisdiction, as defendant argues, or a defense to enforcement, as the state argues. *McCormack*, 321 Or App at 557 n 6 (declining to resolve whether enforcement authority issue is one of subject matter jurisdiction). That is because, regardless of the proper characterization of the issue, in this case, under *Bronson*'s analytical framework, the state has the authority to enforce its game-meat waste law against defendant.

As we explained in *McCormack*, state hunting and fishing regulations cannot be enforced against a member of a tribe for hunting or fishing in a manner authorized by treaty. *McCormack*, 321 Or App at 561. There is one exception to that rule: A state may enforce hunting and fishing regulations against a treaty hunter or fisher if it satisfies "the conservation necessity standard." *Id*. Under *Bronson*, conservation necessity is established "'if the tribe itself has

enacted similar, valid laws.'" *Bronson*, 122 Or App at 496 (quoting *United States v. Williams*, 898 F2d 727, 729 (9th Cir 1990)). There, we concluded that the conservation necessity standard was met, and the state had authority to enforce its prohibition on the unlawful selling of wildlife, where "[b]oth the state and tribal laws prohibit selling, exchanging or offering to sell or exchange wildlife." *Id*. at 497.

This case is in the same posture. The tribe, like the state, prohibits the waste of game meat. Section 5.08(A) of the Fish and Wildlife Code of the Confederated Tribes of the Umatilla Indian Reservation relevantly states: "No person shall needlessly waste, after killing or wounding, any wildlife[.]" Section 5.08(B), in turn, provides that "wast[ing]" includes letting meat spoil: "Waste includes the deterioration of those portions of wildlife normally utilized for human consumption, to the point where it is no longer fit for such use." That provision of the tribe's code closely resembles state law: "No person shall waste any edible portion of any game mammal, game bird or game fish or the pelt of any fur-bearing mammal." ORS 498.042(3). In view of the similarities between the state and tribal prohibitions on waste, the conservation necessity standard is satisfied.

Defendant does not dispute the holding in *Bronson*, or that tribe and the state both prohibit the waste of game meat in parallel ways. Instead, as we understand it, defendant argues that conservation necessity would only be relevant if he had raised the issue of the state's enforcement authority as a defense, rather than as a challenge to subject matter jurisdiction.

That argument does not convince us that conservation necessity is irrelevant to the question of enforcement authority raised by defendant. Under the framework outlined in *McCormack*, conservation necessity is integral to the authority analysis. If a state satisfies the conservation necessity standard with respect to a particular hunting or fishing regulation, then its courts have the authority to enforce the regulation against a treaty hunter or fisher. *McCormack*, 321 Or App at 562 (explaining that demonstration of conservation necessity is a prerequisite to enforcement of hunting or fishing regulation against treaty hunter or fisher);

*see Restatement of the Law of American Indians* § 83 comment e (2022) (explaining that "State authority to regulate off-reservation treaty rights is limited to a state's interest in conservation necessity"). If the state fails to establish conservation necessity, then the state lacks authority to enforce a hunting or fishing regulation against a treaty hunter or fisher. *See McCormack*, 321 Or App at 561; *see Restatement* § 83 comment e ("State regulation of tribal rights normally is preempted by federal law. \*\*\* State laws that interfere with treaty rights or discriminate against Indians exercising off-reservation treaty rights are preempted by federal laws.").

In sum, under *Bronson*, the tribe's parallel regulation of waste of game meat means that the conservation necessity standard is satisfied with respect to the state's regulation of the waste of game meat. The state has authority to enforce the state waste law against defendant in state court, notwithstanding the fact that defendant is a treaty hunter.

*Motion to suppress*. In his second assignment of error, defendant contends that the trial court erred in denying his motion to suppress evidence of the spoiled elk meat on which his convictions were founded. We "review for legal error, accepting the trial court's explicit and necessary implicit factual findings." *State v. Polezhaev*, 318 Or App 1, 4, 507 P3d 296 (2022). In this case, the trial court declined to suppress the elk meat based on the doctrine of inevitable discovery; defendant argues that the court erred in concluding that the requirements of that doctrine are met. Having reviewed the record, we are persuaded that the trial court's decision is supported by the evidence and based on a correct application of the law.

Affirmed.