***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted October 21, 2022, affirmed January 5, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICKOLAS STANLEY HIATT,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR56069; A175270

Ann M. Lininger, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Nicholas C. Greenfield, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Hellman, Judge, and Landau, Senior Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals a judgment of conviction following his conditional guilty plea[1] for two counts of aggravated identity theft and one count of possession of a forged instrument in the first degree. In a single assignment of error, defendant contends that the trial court erred in denying his motion to suppress evidence obtained as a result of a search of his vehicle. He argues that the evidence was obtained in violation of Article I, section 9, of the Oregon Constitution.[2] Because we conclude that no constitutional violation occurred, we affirm.

"We review a trial court's denial of a motion to suppress for legal error and are bound by that court's findings of historical facts if there is evidence in the record to support them." *State v. Senin*, 301 Or App 358, 359, 456 P3d 334 (2019).

Defendant's claims arise from an incident in which law enforcement officers—without a warrant—arrested him for possession of heroin and then searched his car for more evidence of drugs. Defendant moved to suppress evidence obtained as a result of the search. Without specifying which evidence should be suppressed, he argued that the officers lacked probable cause to arrest him and that the search of his car exceeded the scope of a search incident to arrest. The court held a hearing in which the three officers involved in the incident—Charron, Johnson, and Cereghino—testified. After the hearing, the court issued an opinion letter denying defendant's motion. Defendant pleaded guilty, reserving the right to appeal.

On appeal, defendant first argues that the trial court erred in denying his motion because, as he argued below, the officers did not have probable cause[3] to arrest him

---

[1] Although the judgment indicates a conditional guilty plea only as to Count 1, we observe that defendant's plea petition preserved his right to appeal all counts. *See* ORS 138.105(5)(a) (a pretrial motion followed by a guilty plea is generally unreviewable, unless the plea is conditional under ORS 135.335); *see also* ORS 135.335(3) (focusing on a defendant's reservation in writing rather than on the form of the judgment).

[2] "No law shall violate the right of the people to be secure *** against unreasonable search, or seizure ***." Or Const, Art I, § 9.

[3] Probable cause exists when "there is a substantial objective basis for believing that more likely than not an offense has been committed and a person to be arrested has committed it." ORS 131.005(11).

for possession of heroin, ORS 475.854.[4] The record shows that Charron testified that he saw two metal tins on defendant's passenger seat, one containing a "pea-sized" black tarry substance and the other containing black tarry residue and a piece of cotton, all of which he believed to be evidence that defendant possessed heroin. Charron's testimony, along with photographs of the tins in the area where they were found, supports the court's finding that Charron "saw drug paraphernalia and what he thought was heroin" in defendant's car. *See State v. Polezhaev*, 318 Or App 1, 5-6, 507 P3d 296 (2022) (a "detectable" amount of controlled substance is sufficient to establish probable cause).

In turn, we agree with the state's argument that it was "objectively reasonable" under those circumstances for an officer to subjectively believe that defendant "more likely than not" possessed heroin. *State v. Keller*, 280 Or App 249, 252-53, 380 P3d 1144 (2016); *see also Polezhaev*, 318 Or App at 5-6 (a "detectable" amount of a "black residue" on a "piece of foil" which an officer believed to be heroin was sufficient to establish probable cause to arrest a defendant—who was found nonresponsive in his van—for possession of heroin). Thus, the trial court did not err when it concluded that defendant's arrest was based on probable cause.

Defendant alternatively argues that the search of his car could not be justified as incident to arrest. He contends that the search was an unreasonable exploratory search and further argues that even if it was permissible, the officers exceeded any permissible scope or intensity by searching the money bag where they found evidence of forgery. We disagree and conclude that the search of his vehicle complied with Article I, section 9.

First, defendant's claim that this was an exploratory search is unpersuasive. Indeed, *State v. Owens*, on which defendant relies, does not assist him. *See* 302 Or 196, 204, 729 P2d 524 (1986) (a seizure is unjustified when conducted "upon the prospect that upon further investigation

---

[4] We note that ORS 475.854 has been amended to make possession of some small quantities of heroin a violation, rather than a misdemeanor. Ballot Measure 110, § 14 (2020); Or Laws 2021, ch 591, § 36. The amendments do not apply to this case. All references to ORS 475.854 are to ORS 475.854 (2017), the version in effect at the time of defendant's offenses.

some of [the seized objects] might prove" to be evidence of the crime of arrest). Contrary to an exploratory search, here, the officers testified that they began and continued the search for the purpose of discovering evidence of possession of heroin—the crime of arrest—and that they searched areas that they believed "could reasonably conceal evidence" of that crime. *State v. Washington*, 265 Or App 532, 540, 335 P3d 883 (2014) (explaining the scope and intensity of a search incident to arrest). Thus, based on the court's finding that Charron had already seen "drug paraphernalia and what he thought was heroin" in defendant's vehicle, we are unpersuaded by defendant's argument that this was an impermissible exploratory search.

Second, we conclude that Johnson's search of the money bag did not exceed permissible scope and intensity. *See Washington*, 265 Or App at 537 ("A search is reasonable in scope and intensity if it is sufficiently close in space to the arrest; that is, if it is confined to the area that was in the immediate control of the suspect at the time of the arrest \*\*\* and it extends only to places where evidence of the crime of arrest \*\*\* reasonably could be concealed." (Internal quotation marks omitted; internal citations omitted.)). As the record shows, the officers looked into the money bag after finding it in the area by defendant's left foot, and they searched the contents therein for the purpose of looking for drug evidence rather than evidence of other crimes. The court then found that the money bag was "within" defendant's "reach" and that Johnson "touch[ed] and remov[ed]" the contents of the bag to "look for drug crime evidence." Because those findings are also supported by the record, we agree with the state that the trial court properly concluded that the search was reasonable in scope and intensity.

Accordingly, defendant's arrest and the search of his vehicle did not violate Article I, section 9, and the trial court did not err in denying his motion to suppress.

Affirmed.