***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted December 20, affirmed March 29, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMEY LEE LEMMER,
*Defendant-Appellant.*

Coos County Circuit Court
20CR31781; A175931

Andrew E. Combs, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals a judgment of conviction, following her conditional guilty plea, for unlawful possession of methamphetamine—a felony. ORS 475.894 (2017), *amended by* Or Laws 2021, ch 2, § 17 (Ballot Measure 110 (2020)), Or Laws 2021, ch 591, § 39.[1] In her first assignment of error, defendant argues that the trial court should have granted her motion to suppress because her consent to search was not voluntary. In her second and unpreserved assignment of error, defendant argues that convicting her of a felony was disproportionate under Article I, section 16, of the Oregon Constitution, given that the applicable statute no longer criminalized her conduct as a felony at the time she was convicted, and asks us to review the claim for plain error, as we are authorized to do under ORAP 5.45(1). The state contends that the search was justified as a search incident to arrest and that defendant's second assignment of error is not plain error. We agree with the state and thus affirm.

The background contextual facts, which are undisputed, are these. In 2019, defendant was present at a house where Officers Waddington and Kirk were making an arrest for a probation violation. Waddington observed a plastic bag that contained a "white crystalline substance," which he "suspected to be methamphetamine"—and which was later so confirmed—fall from defendant's clothing. He told defendant multiple times to hand the bag over to him, but defendant said that the bag was a piece of trash and that she had thrown it away. After Kirk informed Waddington that defendant had put the bag down her shirt, Waddington told defendant that if she did not hand the bag over to him, he would take defendant to jail to have the bag removed from defendant's bra by a female deputy. Defendant removed the bag from her bra and handed it to Waddington.

The state indicted defendant with unlawful possession of a usable quantity of methamphetamine—a felony

---

[1] We cite the 2017 version of ORS 475.894 throughout this opinion, which was the version in effect when defendant allegedly committed the offense. ORS 475.894 (2017) provided that "unlawful possession of methamphetamine [wa]s a *** felony," if the "person possesse[d] a usable quantity of methamphetamine" and had a prior felony, or if the "person possesse[d] two grams or more of a mixture or substance containing a detectable amount of methamphetamine."

under the then-current statute. Subsequently, Ballot Measure 110 went into effect, reducing the equivalent offense to a misdemeanor. *See* Or Laws 2021, ch 2, § 17 (Measure 110). Defendant moved to suppress the methamphetamine, arguing, among other things, that the police obtained it through a nonconsensual search due to Waddington's threat. After the trial court denied that motion, defendant entered a conditional guilty plea, and the court convicted her of felony possession of methamphetamine and sentenced her accordingly.

We review a "denial of a motion to suppress for legal error and are bound by th[e] court's findings of historical facts if there is evidence in the record to support them." *State v. Senin*, 301 Or App 358, 359, 456 P3d 334 (2019). Defendant argues that her motion should have been granted because her act of yielding to Waddington's threatening demand was mere acquiescence rather than voluntary consent. We are not persuaded by defendant's arguments.

We first note that the parties do not dispute that defendant's act of relinquishing the bag from her possession constituted a search under Article I, section 9. We need not decide whether defendant's consent to relinquish the bag was voluntary because, as the state contends, the evidence would have been inevitably discovered in a lawful search incident to arrest, based on probable cause that defendant possessed an unlawful substance. *See* ORS 131.005(11) (establishing probable cause standard). As the court found and the record confirms, Waddington's experience, training, and firsthand observation of the plastic bag in defendant's possession, among other findings, established "a substantial objective basis for believing that [defendant] more likely than not" possessed methamphetamine. *Id.*; *see also State v. Polezhaev*, 318 Or App 1, 5-6, 507 P3d 296 (2022) (a "detectable" amount of controlled substance is sufficient to establish probable cause); *State v. Brownlie*, 149 Or App 58, 63, 941 P2d 1069 (1997) (If probable cause exists, "a search incident to arrest is authorized even if the officer has yet to actually arrest the person being searched."). As such, we conclude that the trial court did not err in denying defendant's motion to suppress.

Turning to defendant's second and unpreserved assignment of error, we conclude that any alleged error in entering a judgment of conviction for a felony rather than a misdemeanor is not plain. Defendant cites to no authority, and we are aware of none, that the entry of a conviction for a felony offense constitutes "punishment" within the meaning of Article I, section 16. Rather, entry of such a conviction makes possible the imposition of certain penalties. *See State v. Bartol*, 368 Or 598, 621, 496 P3d 1013 (2021) ("Article I, section 16, expressly prohibits disproportionate punishments."). Therefore, we reject defendant's second assignment of error.

Affirmed.